

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/20/2012

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| MANDA ANN CONVALESCENT HOME, INC., | ) CASE NO. 11-37950-H3-11 |
| | ) |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "United States' Motion to Dismiss Debtor's Case" (Docket No. 58). The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Manda Ann Convalescent Home, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 16, 2011.  Debtor operates a convalescent facility in southeast Houston, Texas.  Debtor earns its income primarily through Medicaid reimbursements for Debtor's patients.  Debtor is a small business debtor under Section 101(51D) of the Bankruptcy Code.

Debtor's president, Jaromey Roberts, testified that the filing of the petition was precipitated by levies by the Internal Revenue Service ("IRS") on Debtor's bank account, in light of prepetition tax debt.

IRS has filed a proof of claim, in the amount of $1,206,981.01 for prepetition taxes. Debtor has objected to the claim, asserting that the correct amount of prepetition priority tax liability is $392,312. (Docket No. 61).

Roberts testified on direct examination that Debtor is approximately $45,000 behind in payment of postpetition taxes. However, on cross-examination, Roberts admitted that Debtor has not paid postpetition Form 941 employment taxes due in the approximate amounts of $38,500 for the fourth quarter of calendar year 2011, $17,000 for the first quarter of calendar year 2012, and $46,000 for the second quarter of calendar year 2012.[1]

Harris County has filed a proof of claim, in the amount of $214,612.28. Roberts testified that Debtor disputes the amount of the claim. Roberts testified that Debtor has reached an agreement with Harris County calling for Debtor to pay $1,200 a month on $165,000 of agreed business personal property ad

---

[1]This amount takes into consideration a payment Roberts alleges Debtor has made, in an amount between $6,400 and $6,900. Roberts also testified that Debtor made a payment in the approximate amount of $7,400, to be applied to taxes for the third quarter of calendar year 2012, on July 11, 2012, the day before the hearing on the instant motion.

2

valorem tax liablity.  He testified that Debtor has made none of the payments during the bankruptcy case.

Roberts testified that Debtor owes approximately $40,000 in ad valorem real property taxes.

Roberts testified that Debtor has paid him a salary of $75,000 per year, and has made all payments of his salary, both before and after the bankruptcy petition was filed.  He testified that Debtor has paid Jarmese Morris, who is the administrator of Debtor and is also Roberts' sister, a salary of $75,000 per year, and has made all payments of her salary, both before and after the bankruptcy petition was filed.

Roberts testified that Debtor has revenues of between $150,000 and $190,000 per month.  He testified that Debtor's wage and salary expenses are approximately $114,000 per month.

Roberts testified that he believes Debtor's revenues will increase by approximately $30,000 per month, as a result of one new patient having been approved by Medicaid, and an increase in rates Debtor can charge as a result of Debtor's having obtained insurance.

Roberts testified that Debtor's mortgage payment on the real property where Debtor conducts its business is approximately $6,500 per month.  He testified that Debtor has made no payments on the mortgage during the bankruptcy case.

On the date of the hearing on the instant motion, which occurred by coincidence on the 300th day after the date of filing of the petition, Debtor filed a plan of reorganization. The plan provides, in pertinent part, that Debtor will pay Harris County $1,200 per month until its claim is paid in full; the mortgage on its facility will be refinanced with a 30 year amortization and an interest rate reduced to 5.75 percent, with a balloon payment due two years after the effective date of the plan; the IRS claim will be paid in equal monthly installments over the course of five years; unsecured claims will be paid 100 percent, in equal monthly installments over the course of four years, and the equity interest holders of Debtor will retain ownership. (Docket No. 77).

Roberts testified that he believes the plan will be confirmed within 45 days, that the effective date of the plan will occur 15 days later, and that Debtor will have sufficient funds on that date to fund payments called for under the plan.[2] The court finds this testimony not credible.

In the instant motion, IRS seeks dismissal of the above captioned case. The motion is joined by the Texas Workforce

---

[2]Roberts also testified that Debtor has had discussions regarding leasing several beds to another entity, and has also had discussions with an investor. No such arrangements are in place. The time to have made such arrangements would have been earlier in the case, not on or after the 300th day after the date of filing of the petition, after a motion to dismiss was filed.

Commission.[3]  The motion is opposed by Debtor, and by LNV Corporation ("LNV"), an entity which has filed a proof of claim in the amount of $839,283.02, secured by Debtor's facility.  LNV asserts that the court should appoint a Chapter 11 Trustee rather than dismissing the case.

Conclusions of Law

Section 1112(b) of the Bankruptcy Code provides in pertinent part:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>>
>> (B) the grounds for converting or dismissing the case include an act or omission of the debtor

---

[3] Roberts testified that, after the Texas Workforce Commission joined in the motion, Debtor paid the amount alleged by Texas Workforce Commission to be due postpetition.

>>other than under paragraph (4)(A)--
>>
>>>(i) for which there exists a reasonable justification for the act or omission; and
>>>
>>>(ii) that will be cured within a reasonable period of time fixed by the court.
>
>>* * *
>
>>(4) For purposes of this subsection, the term 'cause' includes--
>
>>* * *
>
>>>(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

11 U.S.C. § 1112(b).

With respect to the instant case, Debtor's failure to pay postpetition taxes is a specifically enumerated example of cause for dismissal or conversion.  Thus, the court must convert or dismiss unless the court determines that appointment of a trustee or examiner is in the best interests of creditors and the estate, or unless Section 1112(b)(2) applies.

Section 1112(b)(2) is phrased in the conjunctive, such that, as applied to the instant case, there must be not only a reasonable likelihood of confirmation of a plan, but also a reasonable justification for the failure of Debtor to pay postpetition taxes that will be cured within a reasonable period of time.  Roberts' testimony does not reflect a reasonable justification for Debtor's failure to pay its postpetition taxes,

6

and does not provide for cure within a reasonable period of time. Debtor has continued to underpay to IRS Debtor's employment taxes during the ten months the instant case has been pending, but has made the deductions from the employees' wages and salaries. Moreover, the plan does not provide for cure of the postpetition tax liabilities, and Debtor has provided no evidence of an ability to do so.  The instant case is a small business case, and Debtor filed its plan on the 300th day, the last day permitted under Section 1121(e)(2).  Debtor's plan is not confirmable, because it fails to provide adequately for the payment of Debtor's postpetition employment taxes to the IRS.  The court concludes that Section 1112(b)(2) does not apply in the instant case.

With respect to the question of whether to appoint a Chapter 11 Trustee, Section 1104(a) of the Bankruptcy Code provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--
>
> > (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

>     (2) if such appointment is in the interests of
>     creditors, any equity security holders, and other
>     interests of the estate, without regard to the
>     number of holders of securities of the debtor or
>     the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a).

In the instant case, there is insufficient evidence of fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the Debtor, for appointment of a Chapter 11 trustee. Indeed, it appears that Debtor is competently managed, except for Debtor's failure to pay its postpetition taxes.  Likewise, appointment of a Chapter 11 trustee is not in the best interests of creditors, equity security holders, and other interests of the estate.  It appears that a Chapter 11 trustee would be constrained by Section 1121(e)(2), and would have no option but to immediately seek conversion or dismissal.  The court concludes that a Chapter 11 trustee should not be appointed.  The court concludes that the above captioned Chapter 11 case should be dismissed.

Based on the foregoing, a separate Judgment will be entered granting the "United States' Motion to Dismiss Debtor's Case" (Docket No. 58).

Signed at Houston, Texas on July 20, 2012.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE